IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00551-BNB

GARY ANTHONY COLE, SR.,

Applicant,

v.

R. WILEY, Warden, C.E.O., et al.,

Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 07 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DISMISSING CASE

---

Plaintiff Gary Anthony Cole, Sr., a federal prisoner housed in the State of Colorado, initiated this action on March 13, 2008, by submitting to the Court an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action. Magistrate Judge Boyd N. Boland entered an order on March 18, 2008, finding that Mr. Cole is challenging the conditions of his confinement rather than the execution of his sentence and construing the instant action as more properly filed pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971).

Magistrate Judge Boland also instructed Mr. Cole to show cause why he should not be denied leave to proceed pursuant to § 1915 as he is subject to the three strikes provision under § 1915(g). Mr. Cole responded to the March 18, 2008, Order, but the

Court entered an order finding that because he failed to assert he is in imminent danger and he has three strikes under § 1915(g) he is not allowed to proceed *in forma pauperis* under § 1915. On April 25, 2008, Mr. Cole filed a Letter with the Court asking that the instant action and Case No. 08-cv-00784-BNB be dismissed so that he may file just one case.

The Court must construe the Letter liberally because Applicant is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Fed. R. Civ. P. 41(a)(1)(A) provides that "the plaintiff may dismiss an action without a court order by filing (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." No answer has been filed by Respondent in this action. Further, a voluntary dismissal under Rule 41(a)(1) is effective immediately upon the filing of a written notice of dismissal, and no subsequent court order is necessary. *See* J. Moore, Moore's Federal Practice ¶ 41.02(2) (2$^{d}$ ed. 1995); *Hyde Constr. Co. v. Koehring Co.*, 388 F.2d 501, 507 (10th Cir. 1968).

The Court, therefore, will construe the Letter as a Notice of Dismissal filed pursuant to Rule 41(a)(1) and close the file as of April 25, 2008. *See Hyde Constr. Co.*, 388 F.2d at 507. Accordingly, it is

ORDERED that the Letter is construed as a Notice of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1) and is effective as of April 25, 2008, the date Applicant filed the Notice in the action. It is

FURTHER ORDERED that the voluntary dismissal is without prejudice.

DATED at Denver, Colorado, this 6 day of May, 2008.

BY THE COURT:

_____
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00551-BNB

Gary Anthony Cole
Reg. No. 22707-077
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/7/08.

                                GREGORY C. LANGHAM, CLERK

                                By: _____
                                              Deputy Clerk